IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JORDAN OUTDOOR ENTERPRISES, LTD., *

       Plaintiff                *

vs.                                  *

                              CASE NO. 4:06-CV-99 (CDL)

TRADEMARK GLOBAL, INC., *
TRADEMARKCOMMERCE.COM, INC.,
and 5STARDEAL.COM, *

       Defendants             *

O R D E R

Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint based upon a lack of personal jurisdiction.[1] In ruling upon a motion to dismiss for lack of personal jurisdiction, the Court accepts the allegations in the Complaint as true to the extent that they are uncontroverted by Defendant's affidavits. *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1988). If the evidence conflicts, the Court construes all reasonable inferences in favor of the Plaintiff. *Id.* There is no material conflict in this case regarding the alleged facts relied upon by Plaintiff to establish jurisdiction.

To determine whether those facts support jurisdiction over the non-resident Defendant, the Court makes a two step inquiry. *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 256 (11th Cir. 1996). First,

---

[1]Defendants contend that the named Defendants are fictitious business names for Trademark Games, Inc. and that Trademark Games, Inc. is the proper party. The Court assumes for purposes of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction that the named Defendants are proper parties and that they committed the acts alleged by Plaintiff. They shall be referred to collectively as Defendant.

the Court analyzes whether the Georgia long arm statute authorizes personal jurisdiction, and if it does, the Court then must determine whether "sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.*

Plaintiff's claims against Defendant are based upon Defendant's alleged infringement upon Plaintiff's copyright and unfair competition. It is unclear whether Plaintiff is relying upon the "transaction of business" prong or the tort prongs of the Georgia long arm statute to establish jurisdiction. *See* O.C.G.A. § 9-10-91 (1), (2), and (3). It is unnecessary to resolve this issue because the Court finds that the exercise of jurisdiction over Defendant under the facts of this case as alleged by Plaintiff would not comport with due process.

Due process contemplates two types of jurisdiction—general and specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 nn.8-9 (1984). Plaintiff does not sufficiently allege that Defendant has systematic and continuous contact with Georgia to confer general jurisdiction. Therefore, the only possible basis for personal jurisdiction is specific jurisdiction. The due process requirements for the exercise of personal jurisdiction are that (1) the Defendant must have purposefully established minimum contacts with Georgia, and (2) the exercise of jurisdiction must not offend

2

traditional notions of fair play and substantial justice. *Francosteel Corp. v. M/V Charm,* 19 F.3d 624, 627 (11th Cir. 1994). For "minimum contacts" to be sufficient to satisfy due process, Defendant must have had "fair warning" that its particular activities may subject it to jurisdiction in Georgia. *Robinson,* 74 F.3d at 258. Specifically, Defendant's contact with Georgia must be related to the Plaintiff's cause of action or have given rise to it; must involve some act by which Defendant purposefully avails itself of the privilege of conducting activities within Georgia; and the contacts must be such that Defendant should reasonably anticipate being haled into court here. *Id.* Only after the Court determines that Defendant has purposeful contacts with Georgia will the Court then address whether the exercise of jurisdiction over Defendant would offend notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985).

Plaintiff alleges that the following conduct by Defendant demonstrates that Defendant has established purposeful minimum contacts with the State of Georgia to authorize the Court to exercise personal jurisdiction over Defendant. Plaintiff discovered that Defendant was shipping gun cases from China to Plaintiff's place of business in Ohio that allegedly infringed upon Plaintiff's copyright. Upon discovering the infringing goods, Plaintiff notified Defendant of the infringement and that the goods would be held by U.S. Customs. Defendant responded via email from Ohio to Plaintiff in Georgia that

3

it had no knowledge of any infringement and requested that Plaintiff permit the goods to pass through Customs. Defendant contended that not all of the goods had the infringing pattern. Plaintiff via email responded that it would permit the goods to pass through Customs if Defendant agreed to provide the infringing goods to Plaintiff for destruction. Defendant purportedly agreed via email. The goods passed through Customs and were delivered to Defendant in Ohio. Upon arrival, Defendant shipped one carton of the goods to Plaintiff in Georgia so that Plaintiff could verify that it included counterfeit items. Plaintiff did verify that some of the goods were counterfeit and requested via email that Defendant ship the additional goods to Plaintiff in Georgia so that the infringing goods could be destroyed. Defendant, via email, requested that it be allowed to simply paint over the infringing pattern and retain the goods. Plaintiff responded that this was not acceptable and insisted that the goods be shipped to Plaintiff in Georgia as previously contemplated. When Defendant failed to ship the other goods to Plaintiff, Plaintiff filed the present action alleging copyright infringement and unfair competition.

The Court finds that Defendant's alleged contacts with Georgia are not sufficient to confer personal jurisdiction over Defendant in Georgia. Defendant does not regularly transact business in this state. It has no office in this state. It is not registered to conduct business in Georgia, and it has no employees or agents here.

4

As to the alleged infringement, Plaintiff has not alleged that any of the infringing goods were ever shipped into Georgia prior to the one carton being shipped at Plaintiff's request. No infringing goods were alleged to have ever been purchased or sold in Georgia. During the discussions related to the infringing goods, no agent or employee of Defendant visited Georgia. The only contacts with Georgia were email communications from Defendant in Ohio with Plaintiff in Georgia and the shipping of one carton of infringing goods to Plaintiff as part of the alleged settlement negotiations.[2] The Court finds that the facts alleged by Plaintiff do not demonstrate that Defendant purposefully established minimum contacts with the State of Georgia such that jurisdiction could be exercised over Defendant here consistent with due process or the Georgia long arm statute. *See Beverage Management Solutions, Inc. v. Yankee Spirits, Inc.,* 218 Ga. App. 95 (1995). Accordingly, Defendant's Motion to Dismiss (Doc. 12) is granted.

---

[2] Plaintiff half-heartedly suggests in a footnote in its brief that jurisdiction exists because Defendant's "goods are available in Georgia via a web page . . . and a toll free number . . . ." (Pl.'s Resp. to Defs.' Am. Mot. to Dismiss 3 n.2, Jan. 11, 2007.) This allegation is insufficient to establish that Defendant purposefully directed efforts toward Georgia residents to satisfy due process requirements. *See Burger King,* 471 U.S. at 476 (explaining that jurisdiction can be exercised over a defendant who does not "physically" enter the state but transacts business in the state via mail or wire communications, *so long as the commercial actor's efforts are "purposefully directed" to residents of the state.*)

IT IS SO ORDERED, this 25th day of January, 2007.

                                    S/Clay D. Land
                                       CLAY D. LAND
                                 UNITED STATES DISTRICT JUDGE